266 So.2d 322

Kenneth WALKER

v.

STATE.

4 Div. 123.

Court of Criminal Appeals of Alabama.
June 13, 1972.

Rehearing Denied Aug. 1, 1972.

Alice L. Anderson, Enterprise, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

CATES, Judge.

Wilful injury to a building: fine, $100 and sentence of thirty days hard labor for the county. Code 1940, T. 14, § 80.

I

The only point that merits consideration arises from the judgment minute entry which followed the recital of the jury's verdict. We find:

"Thereupon, in open court on this 20th day of April 1971, the defendant being asked by the Court if he had anything to say why the judgment and sentence of the law should not now be passed upon him [sic] replied, "he had not:" It is, therefore ordered and adjudged by the Court that the defendant is guilty of the offense as charged and is sentenced to pay a fine of $100.00 and the cost of this prosecution and the defendant perform hard labor for Pike County for 30 days as additional punishment.

"The fine of $100.00 not being paid or confessed, the defendant is sentenced to serve at hard labor for 30 days to work out the fine of $100.00, and the costs of $95.20 not being paid, he is sentenced to serve at hard labor for 32 days to work out the costs of $95.20 at $3.00 per day.

"Notice of Appeal given. Sentence suspended pending appeal. Bond on appeal fixed at $500.00.

"Thirty days additional sentence as punishment by Court is suspended until disposition of appeal, at which time the defendant's time shall be extended for a like period not to exceed six months."

The court reporter's transcript of testimony shows the following colloquy:

"THE COURT: Mr. Walker and Miss Alice, you both heard the verdict of the Jury expressing their verdict of guilty as charged of injury or defacing a building as I judged [sic; charged?] in the Complaint and assessing a fine of One Hundred Dollars ($100.00). It is my duty as the Judge presiding to put the verdict of the Jury into effect in the form of a Judgment and it is the Judgment of the Court that you be found guilty as charged expressed by the Jury verdict.

"Do you have anything to say before the Judgment and sentence is pronounced in accordance with the Jury verdict or why the judgment and sentence should not be imposed?

"THE DEFENDANT: No, sir.

"THE COURT: It is the judgment and sentence of the Court based upon the jury verdict that you be sentenced to pay a fine of One Hundred Dollars ($100.00) and the Costs and as additional punishment in the discretion of the Court I sentence you to serve at hard labor for Pike County for a period of thirty (30) days which is suspended for a period of until October 1, of 1971, pend-

ing good behavior. In other words, assuming that whatever happens between now and October 1 there will be no actual confinement.

"THE DEFENDANT: (Talking to Attorney) What if he [apparently meaning complainant] gets up something else?

"THE COURT: I heard you talking to your attorney. If that event should ever come up, we won't summarily just ex mero muto have the Sheriff go get you. We will have to have a hearing to see whether you have. That is the only fair way to do it. I mean if it was otherwise if I woke up feeling bad I would send the Sheriff to get you? Is that a fair statement, Mr. Brantley? I mean this is just something the Court has seen fit to do, but I am not going to get up like you might have thought because somebody calls me, if anyone does call me, and you would be in the jail the next minute. That is not the way that it works before any time is served you are going to have a hearing at this Court House to show what you have been doing. Now is there any questions, Miss Alice?

"MISS ANDERSON: No, sir.

(Defendant talks with Attorney)

"THE COURT: If you don't give notice of appeal now, then you get a working appeal. If, in other words, you don't appeal now you don't get it suspended, and if you don't pay the Court costs and the fine I have got to sentence you to jail for Thirty-two (32) days to work out the Court costs of Ninety-five Dollars and Twenty/one hundredths ($95.-20) and the fine being One Hundred Dollars ($100.00) if it exceeds Fifty ($50.00) and does not exceed One Hundred ($100.00) I have got to punish you to work out the fine at Thirty (30) days.

"THE DEFENDANT: I couldn't pay the fine?

"THE COURT: Yes, sir. What I am saying is if you don't pay the fine and the costs now upon sentence I have got to sentence you as provided by the law to work out the fine thirty (30) days to work out the fine of One Hundred Dollars ($100.00) and if you don't pay the Court costs which are Ninety-five Dollars and Twenty Cents ($95.20) at Three Dollars ($3.00) a day, that is thirty-two (32) additional days. So if you don't pay a Hundred and Ninety-five Dollars and Twenty Cents ($195.20) now, you have got to go to jail for sixty-two (62) days. So that is something else you had better consider, but we want to get that done right now because I have got to go write all of this stuff down on the books.

"MISS ANDERSON: Well, we give notice of appeal.

"THE COURT: On your notice of appeal, the Court suspends the execution of the sentence of paying the fine of One Hundred Dollars ($100.00) and having failed to pay the fine I am going to have to write it down that you are sentenced to work out the fine for thirty (30) days and failing to pay the Court costs of Ninety-five Dollars and Twenty Cents ($95.20) I am having to sentence you to thirty-two (32) days in the County jail to work out those Court costs at Three Dollars ($3.00) a day and on your appeal, I suspend the operation of that and fix your bond of appeal at Five Hundred Dollars ($500.00)." (Bracketed matter added).

Initially the appellant makes no claim of indigency so that Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130, is not pertinent.

We consider that Code 1940, T. 15, § 375, controls over § 342, as amended at

least to the extent of not penalizing the taking of an appeal. Said § 375 reads as follows:

"In the case of a misdemeanor the defendant may confess judgment, with sufficient sureties, for a fine and costs as if no appeal was taken, but execution thereon must be suspended pending the appeal; and if the judgment of conviction is reversed the confessed judgment is thereby vacated; but if the judgment of conviction is affirmed, or the appeal is dismissed, execution on such confessed judgment may issue at once. Such confession of judgment does not avoid the necessity for giving bail as provided in section 374 of this title."

However, the bond in the record before us is the *appearance* bond called for by § 374 and not an undertaking with sureties on confession of judgment for the fine and costs as set out in § 375, supra.

II

■ The prosecution originated in the Inferior Court of Pike County and came into the Circuit Court for trial de novo. In the Circuit Court the solicitor filed a complaint. Appellant did not demur to this complaint but rather pled not guilty. Hence, no ruling was reserved in the Circuit Court for our consideration on this appeal.

Moreover, Code 1940, T. 15, § 259, No. 27, prescribes a form of indictment or complaint for this offense. The complaints in both lower courts substantially followed this form.

We consider that after review under Code 1940, T. 15, § 389, the judgment below is due to be

Affirmed.

All the Judges concur.